IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. 2:05-cr-149-F |
| | ) | |
| BUFFY LYNN ROBERSON | ) | |
| | ) | |

UNITED STATES' MOTION IN LIMINE
OPPOSING DEFENSE OF ENTRAPMENT BY ESTOPPEL

COMES NOW the United States of America, by and through its attorney, Leura Garrett Canary, United States Attorney, requesting that the defense raised by Defendant Buffy Lynn Roberson be excluded as an invalid application of the doctrine of entrapment by estoppel, and that any mention of the alleged defense be excluded from any and all proceedings related to this matter, and in support thereof states as follows:

**I. FACTUAL BACKGROUND**

1. On June 29, 2005, a grand jury sitting for the Middle District of Alabama returned a 4-count Indictment against Buffy Lynn Roberson ("Roberson"), Leslie Trawick, d/b/a Lake Grocery, and Kim Chatham.[1] Count 1 of the Indictment charged that, beginning in or about 2001, and continuing to on or about February 6, 2003, the exact dates being unknown to the grand jury, in Covington County, Alabama, within the Middle District of Alabama and elsewhere, Trawick, Roberson, and Chatham knowingly and willfully combined, conspired, and confederated and agreed together with other persons known and unknown to manufacture five grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of 21

---

[1] The indictment reflects Chatham's surname as "LNU," or "Last Name Unknown."

U.S.C. §§ 841(a)(1) and 846.

Counts 2 and 3 also charged that Roberson and Trawick, while aiding and abetting each other and others known and unknown to the grand jury, did knowingly and intentionally possess and distribute pseudoephedrine, a Schedule I listed chemical, knowing and having reasonable cause to believe that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2) and 18 U.S.C. § 2.

2.  Roberson filed a Notice of Defenses on September 15, 2005.  (Doc. # 35).  That Notice indicated that she was asserting a "defense of actual or believed exercise of public authority of a law enforcement agency. . . ."  One law enforcement officer named as a part of her defense was employed as a deputy in the Coffee County Sheriff's Department at the time of Roberson's offense.  The Notice listed other law enforcement officers who Roberson stated "may have" information regarding her defense.

3.  Roberson filed an Exparte Motion for Order For Subpoenas, Subpoenas Duces Tecum, and For Service Thereof on October 19, 2005.  (Doc. # 44).  This motion provided additional background regarding her defense of actual or believed exercise of public authority of a law enforcement agency, or in the alternative, entrapment by estoppel.  Roberson claimed that, during the time she was employed by Lake Grocery, she notified "law enforcement and others about the activity occurring at the Lake Grocery," i.e., sales of pseudoephedrine, a Schedule I listed chemical, knowing and having reasonable cause to believe that it would be used to manufacture a controlled substance.  Exparte Motion, at ¶ 5.  She claims to have "sought advice as to whether she would be in trouble if she continued to work at the Lake Grocery as a cashier and was informed that the owner of the Lake Grocery would be responsible and not her . . ."  Id.  The

2

motion continues to list several law enforcement officers in southeastern Alabama who Roberson allegedly "directly communicated with" regarding her distribution of pseudoephedrine while employed at the Lake Grocery, or who "had communication with others about [the] same." Id.

    4. Roberson filed supplemental information on October 20, 2005, which completed contact information for the state and local law enforcement officers. This filing completed the list of officers that she seeks to subpoena for purposes of assisting in her defense.

    5. Roberson seeks to have the above-referenced state and local officers subpoenaed to assist her claimed defense of entrapment by estoppel.

> Entrapment by estoppel is an affirmative defense that provides a narrow exception to the general rule that ignorance of the law is no defense. To assert this defense successfully, a defendant must actually rely on a point of law misrepresented by an official of the state; and such reliance must be objectively reasonable - given the identity of the official, the point of law represented, and the substance of the misrepresentation.

United States v. Funches, 135 F.3d 1405, 1407 (11th Cir. 1998); United States v. Eaton, 179 F.3d 1328, 1332 (11th Cir. 1999). The caselaw of this Circuit dooms Roberson's attempted reliance on this doctrine for the several reasons discussed below.

    6. Roberson cannot assert entrapment by estoppel as a defense to a federal crime unless she can demonstrate "reliance on a misstatement by an official or agent of the federal government." Funches, 135 F.3d at 1407 (emphasis added); see also United States v. Spires, 79 F.3d 464, 466-67 (5th Cir. 1996). In this case, Roberson's defense depends upon representations which she purportedly received from state and local law enforcement officers. She does not claim to have received any information, advice, or recommendation from any federal agent in this case. This fact alone precludes Roberson from asserting entrapment by estoppel in this federal prosecution, because she cannot claim that the alleged information, advice, or

3

recommendations that she allegedly received from state and local law enforcement officers provides a basis for this defense.

       7. Even though the absence of a federal agent's representation that Roberson's conduct would not result in federal criminal charges is, standing alone, enough to prevent her claim of entrapment by estoppel in this case, the defense is precluded for other reasons. She does not claim to have received assurances about the offense conduct <u>prior</u> to seeking the opinion of state/local law enforcement officers as to her responsibility for distributing pseudoephedrine. In this Circuit, one's reliance on such representations must precede the actual conduct which one seeks to defend against. <u>United States v. Johnson</u>, 139 F.3d 1359, 1365-66 (11th Cir. 1998). Roberson's Exparte Motion states that she notified law enforcement and others about the activity occurring at the Lake Grocery, and sought advice as to whether she would be "be in trouble" if she continued her employment. Exparte Motion at ¶ 5. These facts indicate that her activities occurred prior to her supposed reliance on the authority of local law officers. Therefore, in addition to having no statements from federal agents, the doctrine does not apply because Roberson cannot show that she "relied on official government communications before acting in a manner proscribed by law." <u>Johnson</u>, 139 F.3d at 1366.

       8. Even if a defense of entrapment by estoppel were not already precluded by the facts and controlling caselaw, Roberson has not alleged which of the law enforcement officers listed above definitively informed her that her conduct as an employee of Lake Grocery was legal, or what exact statement she relies upon. "For a statement to trigger an entrapment by estoppel defense, it must be made directly to the defendant, not to others." <u>United States v. Eaton</u>, 179 F.3d at 1332. Roberson only asserts a "belief" that she either directly communicated with the

officers, or that "they had communication with others about [the] same." Exparte Motion at ¶ 5. She has failed to establish what one, or indeed, any of the officers, said directly to her concerning the distribution of pseudoephedrine at the Lake Grocery. Further, the requirement that such a statement be made "directly" to Roberson is not present, and the conversations that the above-referenced officers may have had with others are immaterial to Roberson's ability to rely on this defense.

9. Finally, notwithstanding the supporting caselaw cited above, the United States has begun a factual investigation into what statements, if any, were made to Roberson that would lead her believe that entrapment by estoppel constituted a valid defense to any charge arising from her employment at the Lake Grocery.[2] One officer who worked as a deputy in the Coffee County Sheriff's Department acknowledged talking to Roberson, prior to her indictment, about the activity at the Lake Grocery. This officer's status as a Coffee County deputy undermines Roberson's reliance on any advice he may have given, as her offenses occurred in Covington County, a separate jurisdiction. Because "reliance must be objectively reasonable - given the identity of the official," the opinion of a deputy from Coffee County does not support the degree of reliance needed to claim a defense in Covington County. See Funches, 135 F.3d at 1407; Eaton, 179 F.3d at 1332.

10. The controlling caselaw of this Circuit makes clear that Roberson cannot assert entrapment by estoppel as a defense to the charges against her. The defense is legally inapplicable to a federal prosecution where she only asserts that state and local officers created

---

[2] As discussed above in paragraph 6, advice from state or local officials cannot constitute a defense to federal charges, but the United States wishes to further demonstrate the factual impossibility of Roberson's defense.

the alleged reliance; she engaged in the charged conduct prior to seeking the opinions of state and local officers; and her alleged reliance upon a Coffee County Sheriff's Deputy for an opinion as to the legality of her actions in Covington County, Alabama, cannot be termed "objective," as that deputy was not empowered to enforce the laws in Covington County.

For the above reasons, Defendant/Movant Buffy Lynn Roberson has failed to that the defense of estoppel by entrapment can be validly asserted in this federal prosecution, and the United States respectfully requests that this Court exclude any mention of this inapplicable defense from any and all proceedings related to this matter.

Respectfully submitted this 31st day of October, 2005.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


/s/ Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
tommie.hardwick@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| vs. | )   No. 2:05-cr-30-T |
| | ) |
| BUFFY LYNN ROBERSON | ) |
| | ) |
| | ) |

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of October, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Jeffery C. Duffey, 600 South McDonough Street, Montgomery, AL 36104.

      /s/ Tommie Brown Hardwick
      TOMMIE BROWN HARDWICK
      Assistant United States Attorney
      Post Office Box 197
      Montgomery, Alabama 36101-0197
      (334) 223-7280
      (334) 223-7135 fax
      tommie.hardwick@usdoj.gov