IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| PLAINTIFF, | * | |
| V. | * | CASE NO.2:05-CR-149-F |
| BUFFY LYNN ROBERSON, | * | |
| DEFENDANT. | * | |

**DEFENDANT BUFFY LYNN ROBERSON'S
PROPOSED JURY INSTRUCTIONS**

The defendant, by undersigned counsel, hereby requests that the Court give the jury instructions which are attached hereto at the time it charges the jury on the law in this case.

Respectfully submitted this 31st day of October, 2005.

                                          s/Jeffery C. Duffey
                                          JEFFERY C. DUFFEY
                                          Attorney for
                                          Buffy Lynn Roberson
                                          600 South McDonough Street
                                          Montgomery, AL  36104
                                          Phone: 334-834-4100
                                          Fax: 334-834-4101
                                          email: jcduffey@aol.com
                                          Bar No.  ASB7699F67J

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31st, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Tommie Hardwick, AUSA, P.O. Box 197, Montgomery, AL 36101.

s /Jeffery C. Duffey
JEFFERY C. DUFFEY
Attorney for Buffy Lynn Roberson

## DEFENDANT REQUESTED JURY CHARGE NO. 1

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.


*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003*, no. 1 (Basic)

## DEFENDANT REQUESTED JURY CHARGE NO. 2

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003.*, 2.2 (Basic).

## DEFENDANT REQUESTED JURY CHARGE NO. 3

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.


Eleven Circuit Pattern Jury Instructions (criminal cases) 2003, No. 3 (Basic).

**DEFENDANT REQUESTED JURY CHARGE NO. 4**

As I said earlier, you must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003.*, No.  4.2 (Basic).

**DEFENDANT REQUESTED JURY CHARGE NO. 5**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003, No. 5 (Basic).*

## DEFENDANT REQUESTED JURY CHARGE NO. 6

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify.  If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003, No. 6.5 (Basic)*

**DEFENDANT REQUESTED JURY CHARGE NO. 7**

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003, No. 9.1 (Basic).*
(modified by omitting the first paragraph regarding "on or about a certain date."

**DEFENDANT REQUESTED JURY CHARGE NO. 8**

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003, No. 10.4 (Basic).*

## DEFENDANT REQUESTED JURY CHARGE NO. 9

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003.*, No. 12 (Special).

**DEFENDANT REQUESTED JURY CHARGE NO. 10**

Close association with one charged with a crime or mere presence at the scene of a crime is insufficient evidence of knowing participation in the crime charged. The evidence of knowledge must be clear and not equivocal.

**DEFENDANT REQUESTED JURY CHARGE NO. 11**

If you believe the evidence in this case did nothing more than create a suspicion, a possibility, speculation, or a guess that the defendant is guilty of the criminal act she is charged with, then that is an insufficient basis for conviction. Circumstances merely causing a suspicion of guilt are insufficient to justify a conviction of crime, and you must find her not guilty.

**DEFENDANT REQUESTED JURY CHARGE NO. 12**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003, No. 1.1 (Special).*

**DEFENDANT REQUESTED JURY CHARGE NO. 13**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to.  Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.  However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.  So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003, No.  1.2 (Special).*

**DEFENDANT REQUESTED JURY CHARGE NO. 14**

It is the Defendant's theory of defense that she acted at all times in good faith, and in reliance on what was told her by law enforcement.

It is further the Defendant's Theory of Defense that she did not act with any bad purpose to disobey or disregard the law. In other words, she did not act intentionally or willfully as that term has been defined to you.

If the evidence you have heard in support of the Defendant's Theory of Defense creates in your mind a reasonable doubt of her guilt, then, as a matter of law, you must find her not guilty.

*Eleventh Circuit Pattern Jury Instructions (criminal 2003), Index to special instructions, note at p. 38.*

**DEFENDANT REQUESTED JURY CHARGE NO. 15**

Good faith is a complete defense to the charge in the indictment since good faith on the part of the Defendant is inconsistent with the existence of intent or willfulness which is an essential part of the charge.  The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant has no burden to prove anything.  The Government must establish beyond a reasonable doubt that the Defendant acted intentionally or willfully as charged in the indictment.

So, a Defendant would not be intentionally or willfully doing wrong if, before taking any action with regard to the alleged offense, the Defendant consulted in good faith a law enforcement officer whom the Defendant considered competent, made a full and accurate report to that law enforcement officer of all material facts of which the Defendant had the means of knowledge, and then acted strictly in accordance with the advice given by that law enforcement officer.

Whether the Defendant acted in good faith for the purpose of seeking advice concerning questions about which the Defendant was in doubt, and whether the defendant made a full and complete report to the law enforcement officer, and whether the Defendant acted strictly in accordance with the advice received, are all questions for you to determine.

*Eleventh Circuit Pattern Jury Instructions (criminal) 2003, No. 18, p. 71 (as modified by counsel for defendant).  See also: Index to special instructions, note at p. 38.*

## DEFENDANT REQUESTED JURY CHARGE NO. 16

Defendant has offered evidence that she was misled by a government official as to the legality of her conduct and that she acted in reliance on the government official's misrepresentation.

It is a defense to the charges in this case if you find that a government official affirmatively misrepresented a point of law directly to the defendant, and the defendant then acted in reasonable reliance on that misrepresentation.

To constitute an affirmative misrepresentation by a government official, the government official must have been responsible for interpreting, administering or enforcing the law which was the subject of the misrepresentation. The misrepresentation must have been a clear statement directly by the official to the defendant that the conduct defendant is charged with here was in fact legal.

In determining whether the defendant's reliance on the misrepresentation was reasonable, you should consider the identity of the official, the point of law misrepresented, the substance of the misrepresentation, and any other relevant evidence.

You must decide if the government has satisfied its burden to prove beyond a reasonable doubt that the defendant was not misled by the affirmative misrepresentation of a government official and did not reasonably rely on that misrepresentation. If you find beyond a reasonable doubt that the defendant was not misled, or a government official did not make an affirmative misrepresentation, or the defendant did not reasonably rely on that misrepresentation, then you should find that this defense has not been established. On the other hand, if you have a reasonable doubt whether the defendant was misled because he reasonable relied on an

affirmative misrepresentation made by a government official, then you must find the defendant not guilty.

*Eleventh Circuit Pattern Jury Instructions (criminal 2003), Index to special instructions, note at p. 38*.

**DEFENDANT REQUESTED JURY CHARGE NO. 17**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you mut all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are the judges–judges of the facts. Your only interest is to seek the truth from the evidence in the case.

*U. S. v. Funches, 135 F.3d 1405, 1407 (11th Cir. 1998)*